**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| GARY HAYS, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-04-1652-HE |
| ) | |
| NORTHROP GRUMMAN SYSTEMS ) | |
| CORPORATION a/k/a NORTHROP ) | |
| WORLDWIDE AIRCRAFT SERVICES ) | |
| INC., ET AL., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff Gary Hays filed this action seeking short-term and long-term disability benefits under an employee welfare benefit plan established by his former employer, Northrop Grumman Systems Corporation a/k/a Northrop Worldwide Aircraft Services, Inc. ("Northrop").[1] Defendant Life Insurance Company of North America ("LINA") issued the group disability policy in connection with the Plan, which was governed by the Employee Retirement Income Security Act ("ERISA"). 29 U.S.C. §§ 1001-1461. The plaintiff claims LINA arbitrarily and capriciously denied him his full amount of short term disability benefits and denied his application for long term benefits.[2] At the status conference the court directed the parties to submit briefs addressing the scope of the court's review of the

---

[1]*The plaintiff filed an amended complaint improperly reasserting claims previously dismissed by the court. See Order, March 31, 2005. Those claims, counts two through five, are once again dismissed. As noted in the court's order, the plaintiff's request for attorney's fees (count four) is not a separate claim for relief, but a matter that "will be determined by the court on motion, after resolution of the substantive issues in the case. Fed.R.Civ.P. 54(d)(2)." Id. p. 7, n.12.*

[2]*Although the plaintiff initially was paid long term disability benefits, they were discontinued when the plaintiff's eligibility was redetermined, in accordance with the Plan's provisions, at the conclusion of a 24 month period.*

administrator's decision. The briefs have now been filed. The defendants contend the court's review is limited to the administrative record before LINA when it made the benefit determination. Plaintiff asserts that additional materials can be considered and that he is therefore entitled to engage in discovery and expand the record.[3]

"Congress enacted ERISA to 'protect ... the interests of participants in employee benefit plans and their beneficiaries' by setting out substantive regulatory requirements for employee benefit plans and to 'provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts.'" Aetna Health Inc. v. Davila, 542 U.S. 200, ___ (2004) (quoting 29 U.S.C. § 1001(b)). ERISA requires every employee benefit plan to have procedures for seeking benefits and for a "full and fair" administrative review of denied claims. 29 U.S.C. §§ 1022, 1133. The Act also provides a comprehensive civil enforcement scheme. 29 U.S.C. § 1132; Davila, 542 at ___.

Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989), sets forth the appropriate standard of review in cases contesting a benefit determination under an ERISA plan. "[A] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan."[4] *Id.* If the ERISA plan gives the administrator discretionary powers, the district court reviews the

---

[3]*At the end of his brief, the plaintiff specifies the discovery he seeks : "pertinent underwriting materials (policies, procedures, guidelines, etc.) and deposition testimony of the several people identified in the Administrative Record as being involved" in the decisions pertaining to the plaintiff's disability benefits. Plaintiff's brief, pp. 10-11.*

[4]*ERISA does not establish the standard of review. Firestone, 489 U.S. at 109; Hall v. Unum Life Ins. Co. of America, 300 F.3d 1197, 1200 (10th Cir. 2002).*

administrator's decisions under an arbitrary and capricious standard. Sandoval v. Aetna Life & Cas. Ins. Co., 967 F.2d 377, 380 (10th Cir.1992).

Here the parties have agreed that the arbitrary and capricious standard of review applies.[5] When determining whether the plan administrator's decision was arbitrary and capricious, the court's review generally is confined to the administrative record. *Id. Accord* Hall v. Unum Life Ins. Co. of America, 300 F.3d 1197, 1201 (10th Cir. 2002) ("This Circuit, along with the majority of other federal courts of appeals, has held that in reviewing a plan administrator's decision for abuse of discretion, the federal courts are limited to the 'administrative record' – the materials compiled by the administrator in the course of making his decision."). The Tenth Circuit also ordinarily restricts de novo review to the administrative record, but "allow[s] the district court to supplement that record 'when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision.'" *Id.* at 1202 ( quoting Quesinberry v. Life Ins. Co. of North America, 987 F.2d 1017, 1025 (4th Cir. 1993) (emphasis added).[6] To control "the

---

[5]See Amended Complaint, ¶¶10, 12, 21; Joint Status Report, ¶¶ 1, 4(A), 5(A) .

[6]The Tenth Circuit found Quesinberry v. Life Ins. Co. of North America, 987 F.2d 1017, 1025 (4th Cir. 1993) provided the most thorough explanation of the rationale for this approach:
> That case first notes the multiple purposes of ERISA: to promote "the interests of employees and their beneficiaries," to provide employees and beneficiaries with at least as much protection as they had enjoyed prior to the enactment of ERISA, to provide "prompt resolution of claims," and to ensure that "district courts [are] not ... made into substitute plan administrators." 987 F.2d at 1025 (citations omitted). In the Fourth Circuit's view, "the most desirable approach to the proper scope of de novo review under ERISA is one which balances these multiple purposes of ERISA." Id. Allowing a district court to exercise its discretion to admit additional evidence in certain circumstances best reconciles these competing purposes. Id.

Hall, 300 F.3d at 1202.

3

risk of increasing decision costs – and of deterring employers from providing pension and benefit plans to their employees," the appellate court noted that the circumstances in which supplementary evidence may be presented must be strictly limited. *Id.* This exception to the rule limiting review to the administrative record has not been applied by the Tenth Circuit in cases where the standard of review is arbitrary and capricious.

Citing Fought v. Unum Life Ins. Co. of America, 379 F.3d 997 (10th Cir. 2004), *cert. denied,* ___ U.S. ___ (2005), the plaintiff argues at one point in his brief that the arbitrary and capricious standard should not apply[7] because the administrator was operating under a conflict of interest. The plaintiff misconstrues Fought. While a conflict of interest results in less deference being paid to the administrator's decision, it does not effect a change in the standard of review from arbitrary and capricious to another that would allow discovery.[8] *See id.* at 1006 ( "even in cases of conflict of interest, the arbitrary and capricious standard provides the appropriate level of review").[9] If the plaintiff cannot establish a serious conflict, the conflict of interest is merely weighed as one factor in determining whether the administrator's decision was arbitrary or capricious. *Id.* at 1005. *Accord* Chambers v. Family Health Plan Corp., 100 F.3d 818, 827 (10th Cir. 1996) ("'[T]he arbitrary and capricious standard is sufficiently flexible to allow a reviewing court to adjust for the

---

[7]*Other times he appears to concede it is the applicable standard of review. Eg. plaintiff's brief, p. 11.*

[8]*A sliding scale of deference is applied; the level of deference decreases in proportion to the seriousness of the conflict. Chambers v. Family Health Plan Corp., 100 F.3d 818, 825-26 (10th Cir. 1996).*

[9] *The Tenth Circuit noted in Fought that in this context it uses the terms "arbitrary and capricious" and "abuse of discretion" interchangeably. Fought, 379 F.3d at 1003 n.2.*

circumstances alleged, such as trustee bias in favor of a third-party or self-dealing by the trustee.'") (quoting Sage v. Automation, Inc. Pension Plan & Trust, 845 F.2d 885, 895 (10th Cir.1988)). If the plan administrator operates under an inherent conflict of interest, a proven conflict of interest, or if coverage was denied and a serious procedural irregularity exists, there is an additional reduction in deference. Fought, 379 F.3d at 1006. In those circumstances, "the plan administrator bears the burden of proving the reasonableness of its decision pursuant to [the Tenth Circuit's] traditional arbitrary and capricious standard." *Id.*

Here the defendants have admitted an inherent conflict of interest exists, due to LINA's status as both insurer and claim administrator. Defendants' brief, p. 8. The court will make an appropriate reduction in deference accorded the administrator's decision. The defendants will be required to demonstrate that LINA's "interpretation of the terms of the plan is reasonable and that its application of those terms to the claimant is supported by substantial evidence." Fought, 379 F.3d at 1006. The court will "take a hard look at the evidence and arguments presented to the plan administrator to ensure that the decision was a reasoned application of the terms of the plan to the particular case, untainted by the conflict of interest." *Id.* The defendants will bear the burden of justifying the reasonableness of the decision. *Id*. While the conflict of interest will affect the deference accorded LINA's benefit determination, it does not permit the discovery the plaintiff seeks. *See* Chambers, 100 F.3d at 824.

The plaintiff also contends that discovery is needed due to deficiencies in the administrative record, including the lack of information in it regarding his award of Social

Security disability benefits.[10] Plaintiff asserts irregularities in the claim administration process – mainly the lack of documentation in the claim administrator's notes of actions taken with respect to the plaintiff's claim[11] – also warrant expansion of the record. In addition to failing to cite any authority that actually supports these arguments, the cited deficiencies and irregularities are insignificant, immaterial, or can be asserted by the plaintiff in support of his argument that LINA abused its discretion when it denied his claim for disability benefits.[12]

Contrary to the plaintiff's assertion, Sandoval, 967 F.2d at 377 does not "imply" that the arbitrary and capricious standard of review only precludes discovery on the merits of the claim, but not "on the issue of the interpretation and/or compilation of the record."[13]

---

[10]*The plaintiff asserts that the claim administration notes reflect the administrator's receipt and consideration of a medical report from a non-examining consultative physician, but not that the decision of the Social Security Administration ("SSA") was considered. The record, itself, will reflect whether the SSA determination was included with the other evidence considered by the administrator when making its decision. While, if appropriate, the plaintiff can assert the record's failure to include the SSA determination in his brief on the merits, discovery as to the alleged omission is not warranted. Moreover, in the absence of a reference in the Plan to the effect of an SSA determination on a claimant's claim for benefits, the relevance of the SSA decision is not apparent. See Conley v. Pitney Bowes, 176 F.3d 1044, 1050 (8th Cir. 1999).*

[11]*The plaintiff claims that because of these irregularities there is no information as to who received his appeal, why and how it was transferred from one LINA employee to another, and whether the decision of the Social Security Administration awarding him social security disability benefits was considered by the administrator.*

[12]*The plaintiff does not argue that the administrative record fails to include medical evidence or testimony from his Social Security proceedings that he had submitted to LINA for consideration, but only that the decision of the SSA to award benefits is not in the record.*

[13]*Wildbur v. ARCO Chem. Co., 974 F.2d 631 (5th Cir. 1992), a case relied on by the plaintiff as support for his request for discovery, is cited by the Tenth Circuit in Chambers, 100 F.3d at 824, as an exception to the majority rule that a court, when reviewing decisions of plan administrators under the arbitrary and capricious standard, may consider only the evidence considered by the administrators. The court noted, however, in Chambers, that the Fifth Circuit let district courts*

Plaintiff's brief, p. 8. A claimant is entitled to receive a "full and fair review," which requires "knowing what evidence the decision-maker relied upon, having an opportunity to address the accuracy and reliability of the evidence, and having the decision-maker consider the evidence presented by both parties prior to reaching and rendering his decision." Sandoval, 967 F.2d at 382 (citing Sage, 845 F.2d at 893-94). However, the plan administrator's compliance with 29 U.S.C. § 1133 and the regulations adopted to carry out that section can generally be determined by examining the written notices and other information the administrator provides the claimant. *See* Sage, 845 F.2d at 893-94. *See also* Redding v. AT & T Corp., 124 F.3d 217, 1997 WL 537882, at * 5 (10th Cir. Sep. 2, 1997)[14] (citing Brown v. Retirement Comm. of Briggs & Stratton Retirement Plan, 797 F.2d 521, 539 (7th Cir. 1986) for its holding that "the opportunity to submit documentary evidence, consideration of evidence submitted, and explanation of evidence relied upon satisfied full and fair review requirement of 29 U.S.C. § 1133(2)").

---

*"look beyond the administrative record to review the administrator's plan interpretation, but not to review 'the historical facts underlying a claim.'" Id.*

[14]*Redding is an unpublished decision cited for persuasive value only under 10th Cir. R. 36.3(B).*

Similarly unpersuasive is the plaintiff's assertion that he is entitled to conduct discovery to determine whether the fiduciary fulfilled his/her responsibility. Again, he cites no authority supporting his argument.

Discovery in ERISA actions seeking judicial review of benefit determinations is clearly limited and, in this case, unavailable. To permit the discovery sought here would thwart one of ERISA's primary goals – "to provide a method for workers and beneficiaries to resolve dispute over benefits inexpensively and expeditiously." Sandoval, 967 F.2d at 380 (quoting Perry v. Simplicity Engineering, 900 F.2d 963, 967 (6th Cir. 1990)).

The plaintiff has failed to demonstrate either a legitimate basis for, or authority permitting, discovery regarding the denial of his claim for disability benefits. Accordingly, the court concludes its review will be limited to the administrative record before LINA when it made its benefit determinations. Discovery will not be allowed.

The parties are directed to confer and submit, by **November 15, 2005**, a proposed briefing schedule for submission of the case.

**IT IS SO ORDERED**.

Dated this 3rd day of November, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE